**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10455 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01308-DJH-2 |
| v. | |
| STEPHANIE RODRIGUEZ-VERDUGO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 6, 2019**
Phoenix, Arizona

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

Stephanie Rodriguez-Verdugo appeals her conviction relating to possession

with intent to distribute 500 grams or more of methamphetamine.  We have

jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by holding that Claudia Rodriguez's testimony regarding a series of out-of-court statements made by Rodriguez-Verdugo's unavailable co-defendant, Nidia Cadena-Verdugo, was not admissible as statements against interest under Rule 804(b)(3) of the Federal Rules of Evidence. The statements were not "supported by corroborating circumstances that clearly indicate[d] [their] trustworthiness," *United States v. Gadson*, 763 F.3d 1189, 1200 (9th Cir. 2014), but were exculpatory statements made by a family member, which "are not considered to be highly reliable," *LaGrand v. Stewart*, 133 F.3d 1253, 1268 (9th Cir. 1998). Moreover, the timing of the statements—Cadena-Verdugo spoke to Claudia Rodriguez on the eve of trial—indicates that the statements are less trustworthy. *See United States v. Oropeza*, 564 F.2d 316, 325 (9th Cir. 1977). Finally, because Cadena-Verdugo was a fugitive in Mexico at the time that she made the statements to Claudia Rodriguez, the chances of Cadena-Verdugo suffering adverse consequences as a result of her admissions were slim, and therefore we discount the "extent to which the declaration is really against the declarant's penal interest." *Id.* at 325; *see also United States v. Fowlie*, 24 F.3d 1059, 1068 (9th Cir. 1994).

The district court's exclusion of Claudia Rodriguez's testimony regarding Cadena-Verdugo's statements was not plain error that violated Rodriguez-

Verdugo's Fifth and Sixth Amendment rights, because the statements did not bear "persuasive assurances of trustworthiness" and were not "critical to the defense." *Gadson*, 763 F.3d at 1201 (citing *Chia v. Camdra*, 360 F.3d 997, 1003 (9th Cir. 2004)). Cadena-Verdugo's out-of-court statements lacked persuasive assurances of trustworthiness because no corroborating evidence supported them, Cadena-Verdugo was not available for cross-examination, and the statements were not made spontaneously but rather delivered on the eve of trial. Further, Claudia Rodriguez's testimony about Cadena-Verdugo's statements was not critical to the defense because Rodriguez-Verdugo was able to testify to her own alleged lack of knowledge at trial and did so.[1]

**AFFIRMED.**

---

[1] Because Rodriguez-Verdugo withdrew her appeal of the district court's application of a two-level sentencing enhancement, we do not consider these arguments.